UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

**CASE NO. 21-CV-224**

UNITED STATES ex rel. JOHN DOE,
Relator

    *Plaintiff*

vs.

CREDIT SUISSE AG

    *Defendant*

_____/

**RELATOR'S REPLY IN SUPPORT OF MOTION
TO CONTINUE HEARING ON MOTION TO DISMISS**

Relator moved to continue the hearing currently set for December 3, 2021 until January 14, 2022 based on lead counsels' unavailability. DOJ opposed the motion for a short continuance during the holiday season, arguing that such a continuance is inappropriate unless Relator can show that all undersigned counsel are unavailable.

*First*, lead attorney Jeffrey A. Neiman is unavailable this week as he is in Madrid, Spain meeting with Assistant United States Attorneys from the United States Attorney's Office for the Southern District of Florida related to an ongoing criminal investigation being conducted by that office. He arrives back to Florida late on the night of December 2, 2021 and is willing to fly to Alexandria if necessary to attend a hearing on the morning of December 3, 2021. Jeffrey E. Marcus is now available on December 3, 2021 but Relator continues to request a brief continuance so that Mr. Neiman, who has represented the Relator for nearly seven years and has a unique familiarity with the facts of this case, may appear before this Court with sufficient time to work in any travel-related delays. There is no harm to either party to briefly continue the hearing until January 14,

2022. Moreover, as is the common professional courtesy, Relator gave DOJ numerous continuances in this matter.

*Second*, DOJ argues that the Court may decide the motion to dismiss on the papers and without an evidentiary hearing or oral argument. The Relator respectfully disagrees. 31 U.S.C. § 3730(c)(2)(A) provides that "[t]he Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with ***an opportunity for a hearing on the motion***." (emphasis added).

Courts routinely require evidentiary hearings where a Relator has proffered evidence that the DOJ has moved to dismiss a *qui tam* action based on unreasonable or improper considerations. *See United States ex rel. Stovall v. Webster*, Civil Action No. 15-3530, 2018 WL 8701241, at *2 (D.S.C. May 30, 2018) (allowing evidentiary hearing in which Relator would have opportunity to present evidence that DOJ's decision to dismiss was based on improper considerations); *see also United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 754 (9th Cir. 1993) ("Any objections filed by the *qui tam* plaintiff may be accompanied by a petition for an evidentiary hearing on those objections … evidentiary hearings should be granted when the *qui tam* relator shows a 'substantial and particularized need' for a hearing. Such a showing could be made if the relator presents a colorable claim that the settlement or dismissal is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, ***or that the Government's decision was based on arbitrary and improper considerations***.") (emphasis added); *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 936 (10th Cir. 2005) (noting that district court allowed five-day evidentiary hearing to determine if Government dismissal was based on proper considerations); *United States v. EMD Serono, Inc.*, 370 F.Supp.3d 483, 488-89 (E.D. Pa. 2019) ("Requiring a hearing assures

that the decision to dismiss is not arbitrary and without a valid Governmental interest … Requiring some justification, no matter how insubstantial, for a decision not to pursue a false claim, acts as a check against the Executive from absolving a fraudster on a whim or for some illegitimate reason. It prevents the Executive from abusing power.).

While DOJ cites some out-of-circuit cases for the proposition that the motion to dismiss can be adjudicated without a hearing, those cases are inapplicable where, as here, the Relator has proffered evidence that DOJ moved to dismiss the case for improper reasons. ECF No. 27, Opp. to MTD at 5-8.

Instead of refuting Relator's evidence about misconduct, DOJ argues that it cannot provide any information to this Court or to Judge Smith. ECF No. 30, Reply ISO MTD at 5 ("The United States vigorously disputes the Relator's accusation of misconduct, but because refuting those allegations would infringe on privileged information … the United States is constrained simply to note its disagreement with the Relator's accusations."). There is nothing privileged about the communications between DOJ and the whistleblower and his attorneys or between DOJ and Credit Suisse.  Therefore, DOJ should be required to appear and explain its reasons for dismissal to Judge Smith.

Accordingly, the Relator respectfully asks this Court to first determine whether this case should be transferred to Judge Smith. ECF No. 25. If the Court chooses to not transfer this case, Relator respectfully asks the Court to continue a hearing on the motion to dismiss to January 14, 2022 and require the parties to appear for an evidentiary hearing. Finally, at a minimum, if the Court is inclined to move forward with the December 3, 2021 hearing date, it should order the parties to come prepared to argue the motion to dismiss and the scope of an evidentiary hearing.

Dated: November 29, 2021          Respectfully submitted,

/s/ Stuart A. Sears
**Stuart A. Sears**
Virginia Bar No. 71436
Attorney for Relator/Plaintiff
Schertler Onorato Mead & Sears, LLP
New York Avenue, N.W.
Suite 500 West
Washington, DC 20001
(202) 628-4199
(202) 628-4177 (FAX)
ssears@schertlerlaw.com

**Jeffrey A. Neiman**
Florida Bar No. 544469
**Jeffrey E. Marcus**
Florida Bar No. 310890
Attorney for Relator/Plaintiff
(*pro hac vice pending*)
Marcus Neiman Rashbaum & Pineiro LLP
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
Telephone: (954) 462-1200
jneiman@mnrlawfirm.com
jmarcus@mnrlawfirm.com

4