UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

**CASE NO. 21-CV-224**

UNITED STATES ex rel. JOHN DOE,
Relator

    *Plaintiff*

vs.

CREDIT SUISSE AG

    *Defendant*
_____/

## **RELATOR'S REPLY IN SUPPORT OF MOTION TO TRANSFER**

Relator has moved to transfer this False Claims Act ("FCA") case to Judge Rebecca Beach Smith because this action concerns whether Credit Suisse and the Department of Justice ("DOJ") misled Judge Smith in 2014 into accepting a binding Rule 11(c)(1)(C) plea agreement that allowed Credit Suisse to avoid a criminal fine of over $1 billion. Both DOJ and Credit Suisse failed to inform Judge Smith (who sits in Norfolk) twice—at the time of Credit Suisse's plea hearing in May 2014 and again at sentencing in November 2014—that Credit Suisse continued to engage in the very same criminal tax conspiracy against the IRS to which it pled. Those two hearings form the core of the FCA case at issue here.

DOJ has moved to dismiss this case (ECF No. 20), opposed transfer of the case to Judge Smith (ECF No. 28), and resisted any hearing on the motion to dismiss (ECF No. 30). All of these actions appear to be an attempt to insulate DOJ from questions about whether DOJ was candid with Judge Smith at Credit Suisse's change of plea hearing and subsequent sentencing hearing. Instead of confronting the significant question head on—whether Judge Smith was misled into accepting the Credit Suisse plea agreement during the 2014 hearings—DOJ opposes transfer to

Judge Smith on three meritless grounds.

*First*, DOJ argues that this motion is not timely because it was not filed immediately after assignment to Judge Hilton. Motions to transfer are timely at any point in a case and Relator moved to transfer immediately upon this case becoming active. *Second*, DOJ argues that the Relator has failed to demonstrate that venue is proper in Norfolk. Relator demonstrated that this case could have been brought in Norfolk because a substantial part of the events and omissions giving rise to this case occurred before Judge Smith who sits in Norfolk. *Finally*, DOJ argues that the Relator misapprehends the "interest of justice" inquiry to warrant transfer under Section 1404. Relator disagrees. As Judge Smith has unique familiarity with the facts of this case, she is in a position to adjudicate the motion to dismiss and oversee hearings on that motion. Her familiarity with this case outweighs any other Section 1404 factor.

Accordingly, Relator respectfully requests that this case be transferred to Judge Smith of the Norfolk division.

## ARGUMENT

### I. This Motion is Timely.

This Motion is timely because the Relator moved to transfer immediately once this case was unsealed. DOJ asserts that Relator's motion is somehow late or inappropriate at this early stage of the proceedings because the Relator did not move to transfer until DOJ moved to dismiss. ECF No. 28, Opp. at 1, 2, and 6. DOJ's position is wrong. This case is in its infancy and Section 1404(a) does not require a party to make a motion to transfer within a specified time after the filing of the cause of action. *McDevitt & Street Co. v. Fidelity and Deposit Co. of Maryland*, 737 F. Supp. 351, 355 (W.D.N.C. 1990) (rejecting argument that motion to transfer was untimely where defendant waited until close to end of fact discovery to move to transfer); *see also Hamilton Int'l*

*Ltd. v. Vortic*, 414 F. Supp. 3d 612, 623 (S.D.N.Y. 2019) ("While motions to transfer are typically considered at an early stage of the case … nothing bars a court from granting a motion to transfer venue at a later stage in the case.") (citation omitted). The Relator moved to transfer immediately upon this case becoming unsealed. The Court has yet to conduct any hearings, entertain dispositive motions, or even consider any opposed motions. The Court has merely considered DOJ's *ex parte* motions to extend sealing of this case. In short, this motion is timely and Relator brought it upon this case becoming active.

II.     **Relator Has Established that Venue is Proper in Norfolk.**

The Relator has established that venue is proper in Norfolk because a substantial part of the events and omissions giving rise to this FCA case occurred before Judge Smith who sits in Norfolk. DOJ argues that the Relator failed to meet its initial burden under Section 1404(a) by establishing that this case could have been brought in the Norfolk division. ECF No. 28, Opp. at 5. DOJ places undue emphasis on the Alexandria/Norfolk distinction. The bottom line is that Judge Smith is the most appropriate Judge to hear this case because of her familiarity with the underlying conduct and the fact that she was defrauded into accepting the Credit Suisse plea agreement. Whether Judge Smith hears the case in the Norfolk division or Alexandria division should be of no consequence to this Court.

In any event, DOJ ignores Relator's arguments explaining why this case could have been brought in Norfolk. The Relator previously demonstrated that the local rules allowed this case to be filed in Norfolk under Local Civil Rule 3. Venue is proper in a judicial division where a "substantial part of the events or omissions giving rise to the claim occurred." Local Civil Rule 3 (incorporating 28 U.S.C. § 1391). The crux of this FCA case revolves around two hearings—both before Judge Smith who sits in Norfolk—in which the DOJ and Credit Suisse lied to Judge Smith.

Credit Suisse and the DOJ prosecutors did not alert Judge Smith that employees at Credit Suisse continued to conspire with U.S. taxpayers to conceal accounts at the same time that the parties appeared on May 19, 2014 and November 21, 2014 before Judge Smith.

At the November 21, 2014 hearing, both DOJ and Credit Suisse declined to come forward with evidence of the ongoing conspiracy. ECF No. 25-4, Sentencing Tr. at p. 10:15-16 (DOJ attorney: "No additional statements from the Government"), p. 10:25-11:2 (Credit Suisse attorney: "We don't have anything to add"). DOJ prosecutors failed "to furnish complete and accurate information at sentencing" so that the Judge Smith could evaluate the Plea Agreement and determine the appropriate criminal fine in the "exercise of sound judicial discretion." *See United States v Edgell*, 914 F.3d 281, 287 (4th Cir. 2019); *see also United States v. Block,* 660 F.2d 1086, 1092 (5th Cir. 1981) (standing "mute" in the face of "factual inaccuracies" or withholding relevant factual information "violates a prosecutor's duty to the court").

This FCA case concerns whether DOJ and Credit Suisse's omissions and Judge Smith's acceptance of the Plea Agreement and assessment of a criminal fine at the low-end of the guideline range based on those omissions form a viable claim under the FCA. In any event, regardless of which division this case was originally filed in—whether Alexandria or Norfolk—this case should be transferred to Judge Smith as she is the most appropriate Judge to hear this case.

**III. The Interests of Justice Favor Transferring this Case to Judge Smith Because Judge Smith's Familiarity with this Action Outweighs Other 1404 Factors.**

DOJ does not give appropriate weight to the most important factor favoring transfer in this case—Judge Smith's familiarity with the facts underlying this civil case. Under Section 1404, a court must conduct a "case-by-case" consideration regarding whether transfer is appropriate and it may transfer a case even when the "convenience of the parties and witnesses" favors keeping the case in the transferor district. *Samsung Elecs. v. Rambus, Inc.*, 386 F.Supp.2d 708, 716 (E.D.

4

Va. 2005).

Where a Judge has unique familiarity with a case given his or her adjudication of similar cases and issues, a Court should transfer the case to that Judge especially when the convenience of the parties and witnesses is irrelevant. *CIVIX-DDI, LLC v. Loopnet, Inc.*, Civil Action No. 12-2, 2012 WL 3776688, at *7 (E.D. Va. Aug. 30, 2012) (transferring case to Illinois where Illinois court was familiar with facts of case and convenience factor was irrelevant and accorded little weight); *United States v. Ship Management, Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 938 (E.D. Va. 2005) (transferring case to judge who was familiar with "legal issues, facts, and the many twists" of underlying case where convenience of parties and witnesses was not a "significant consideration").

DOJ asserts that a number of relevant "events" occurred in the Alexandria division such as the fact that Alexandria prosecutors were involved in the underlying criminal investigation, the plea agreement was signed by a prosecutor in Alexandria, and the Relator's proffers about Mr. Horsky were to a prosecutor in Alexandria. ECF No. 28, Opp. at 7. DOJ's focus is misplaced. Whether the prosecutors who led the Credit Suisse criminal case were in Alexandria or Norfolk is irrelevant. The significant factor at issue in this case is that Judge Smith has an intimate familiarity with the plea hearing that occurred before her, is aware of the basis for accepting a plea that bound her to impose the low-end of the guideline range, and is in the best position to determine whether certain relevant facts were withheld from her at hearings in May and November 2014. As Judge Smith is in the best position to determine whether the Court was misled, this Court should transfer the suit to Judge Smith to determine whether the underlying information can form the basis of an FCA case as well as any additional actions Judge Smith would have taken with respect to the plea agreement.

5

## CONCLUSION

DOJ's opposition to the motion to transfer is notable because it ignores the most important issue: whether Judge Smith was misled into accepting the Credit Suisse plea agreement. DOJ deflects instead of taking the main issue head-on and explaining why Relator is incorrect about its arguments that DOJ and Credit Suisse misled Judge Smith at two hearings in 2014. Specifically, instead of refuting Relator's evidence about misconduct, DOJ argues that it cannot provide any information to this Court or to Judge Smith. ECF No. 30, Reply ISO MTD at 5 ("The United States vigorously disputes the Relator's accusation of misconduct, but because refuting those allegations would infringe on privileged information … the United States is constrained simply to note its disagreement with the Relator's accusations."). In short, DOJ appears to be vigorously opposing any attempt to have this case returned to the very Judge that DOJ and Credit Suisse misled.

This Court should transfer the case to Judge Smith in the Norfolk division under Section 1404 because of her unique familiarity with the facts of this case.

Dated: November 29, 2021         Respectfully submitted,

/s/ Stuart A. Sears
**Stuart A. Sears**
Virginia Bar No. 71436
Attorney for Relator/Plaintiff
Schertler Onorato Mead & Sears, LLP
New York Avenue, N.W.
Suite 500 West
Washington, DC 20001
(202) 628-4199
(202) 628-4177 (FAX)
ssears@schertlerlaw.com

**Jeffrey A. Neiman**
Florida Bar No. 544469
**Jeffrey E. Marcus**
Florida Bar No. 310890

>Attorney for Relator/Plaintiff
>(*pro hac vice pending*)
>Marcus Neiman Rashbaum & Pineiro LLP
>100 Southeast Third Avenue
>Suite 805
>Fort Lauderdale, FL 33394
>Telephone: (954) 462-1200
>jneiman@mnrlawfirm.com
>jmarcus@mnrlawfirm.com